1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JEREMY ROBERT CHRISTENSEN,          CASE  NO.   1:09-cv-01440-OWW-GBC   (PC)

10                      Plaintiff,

                                        ORDER  DENYING  MOTION  TO  FILE
11        v.                            EXHIBITS AND TO COMPEL AS PREMATURE

12   MICHAEL VERDUCCI,                   (Docs. 22, 23, 25)

13                      Defendant.
     _____/
14

15        Plaintiff Jeremy Robert Christensen ("Plaintiff") is a state prisoner proceeding pro se and in

16   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

17   Plaintiff's complaint, filed August 17, 2009, against Defendant Michael Verducci for violation of

18   the Eighth Amendment.  Discovery was opened on March 22, 2010.  On May 12, 2010, Plaintiff

19   filed a motion requesting to file exhibits and requesting the Court's assistance with obtaining

20   discovery.  Defendant filed an opposition on May 20, 2010 and Plaintiff filed a reply on June 25,

21   2010.

22        In Plaintiff's "Motion for Exhibits to be Filed," Plaintiff requests for two exhibits to be filed

23   and for "the help of the courts" in obtaining various discovery material from Defendant and from

24   third parties.  The Court will construe Plaintiff's motion as a motion to file exhibits and a motion

25   compel discovery.  Plaintiff has made no request for discovery pursuant to Rule 34 of the Federal

26   Rules of Civil Procedure.  In its discovery order, the Court informed Plaintiff that "[d]iscovery

27   requests *shall* be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule

28   135, and shall only be filed when required by Local Rules 250.1, 250.2, and 250.3."  Implicit in the

1    requirement regarding how to serve the parties, is the requirement that Plaintiff must serve discovery

2    requests to the Defendant in the first instance.  Before Plaintiff can seek the Court's intervention for

3    obtaining discovery, Plaintiff should first request the information from the Defendant.  *See* Fed. R.

4    Civ. P. 37(a)(3)(B).  If for example, the Defendant fails to answer a deposition question under Rules

5    30 and 31 or if Defendant fails to answer an interrogatory submitted under Rule 33, Plaintiff can seek

6    the Court's intervention.  Fed. R. Civ. P. 37(a)(3)(B).

7         Plaintiff is also requesting assistance in contacting other inmate witnesses.  Inmates may only

8    correspond with one another if they obtain written authorization from the appropriate prison officials.

9    Cal. Code Regs., tit. 15 § 3139 (2010).  Further, the Court does not have jurisdiction in this action

10   over anyone other than Plaintiff and Defendant, and cannot order that Plaintiff be allowed to

11   correspond with his witnesses.  *E.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660,

12   1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,

13   454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126

14   (9th Cir. 2006).  However, the Court will request that inmate witnesses be authorized to correspond

15   if the Court is satisfied that Plaintiff has first unsuccessfully tried to initiate contact with inmate

16   witnesses through properly following prison regulations and if Plaintiff demonstrates that the

17   witnesses possess actual knowledge of relevant facts.  Plaintiff is required to make that showing with

18   respect to each witness, and may not rely on conclusory assertions that the witnesses possess relevant

19   knowledge.  At this juncture, Plaintiff has not demonstrated his effort to contact inmate witnesses

20   through following the prison regulations and has not demonstrated the requisite showing of relevant

21   knowledge with respect to his witnesses.

22        Plaintiff requests this court to assist in deposing non-party witnesses.  There is no authority

23   for the proposition that the Court can issue an order requiring a non-party witness to provide a

24   declaration to Plaintiff.  Plaintiff may contact the non-party witnesses and request declarations if he

25   wishes.  Plaintiff is reminded that there are costs associated with depositions, which would include

26   arranging for and compensating a court reporter, and paying for a transcript of the deposition.  Fed.

27   R. Civ. P. 30.  To the extent that Plaintiff is willing and able to bear the full cost of a deposition,

28   Plaintiff is not precluded from deposing non-party witnesses.  Moreover, if Plaintiff wishes to

1   conduct a deposition by written questions, it must be conducted in compliance with Rule 31 of the

2   Federal Rule of Civil Procedure.  Plaintiff is cautioned that depositions by written questions entail

3   more than mailing questions to the deponents and awaiting their written responses.  Fed. R. Civ. P.

4   31.

5          Plaintiff also requests the Court to enter exhibits in the record.  As the Court stated in its first

6   informational order to Plaintiff, the Court cannot serve as a repository for the parties' evidence.

7   Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not

8   be submitted until the course of litigation brings the evidence into question (for example, on a

9   motion for summary judgment, at trial, or when requested by the court).  At this point, the

10  submission of evidence is premature.

11          Based on the foregoing, it is HEREBY ORDERED that:

12      1.      Plaintiff's motion to compel is DENIED.

13      2.      Plaintiff's request for exhibits to be entered is DENIED.

14

15  IT IS SO ORDERED.

16

    Dated:     January 19, 2011

17                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28